J-S12005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY JAMES VANDERPOOL, JR. | : | |
| | : | No. 1346 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence July 31, 2017
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000150-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY JAMES VANDERPOOL, JR. | : | |
| | : | No. 1347 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence July 31, 2017
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000131-2017

BEFORE:  LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 21, 2018**

Harry James Vanderpool, Jr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Bradford County, after he pleaded guilty to two counts of theft by unlawful taking and one count of defiant

trespass.[1]  Preliminarily, counsel has filed a brief to withdraw as counsel, purportedly under **Anders v. California**, 386 U.S. 738 (1967) and its progeny.[2]  After review, we conclude that counsel has not complied with the requirements of **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and thus, we deny counsel's motion to withdraw and direct him to file either an advocate's brief or a new motion to withdraw together with a compliant **Anders** brief.

On June 1, 2017, Vanderpool pleaded guilty to theft by unlawful taking graded as a misdemeanor of the first degree at docket number CP-08-CR-0000131-2017.  On July 31, 2017, the trial court sentenced him to 12 to 36 months' incarceration.  The same day, Vanderpool pleaded guilty to an additional charge of theft by unlawful taking and one count of defiant trespass at docket number CP-08-CR-0000150-2017.  The trial court sentenced Vanderpool to an additional 12 to 36 months' incarceration to run consecutive to the sentence imposed at docket number 08-CR-0000131-2017.

Vanderpool flied a timely post-sentence motion for reconsideration of sentence, which the trial court denied on August 11, 2017.  On August 25, 2017, Vanderpool filed a timely notice of appeal.  Both Vanderpool and the trial court have complied with Pa.R.A.P. 1925.

---

[1] 18 Pa.C.S.A. § 3901 and 18 Pa.C.S.A. § 3503(b), respectively.

[2]  Counsel filed an **Anders** brief, but did not file a corresponding motion to withdraw as counsel.

- 2 -

On February 26, 2018, Vanderpool's attorney, Richard A. Wilson, Esquire, filed an *Anders* brief, in which he presented Vanderpool's sole issue for our review: "Was the sentence imposed . . . excessive in light of [Vanderpool's] circumstances, particularly with regard to [his] treatment and rehabilitative needs?" *Anders* Brief, at 3.

"Before we begin [any] substantive analysis, we must first review defense counsel's *Anders* brief and motion to withdraw." *Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015) (citation omitted).

> A request by appointed counsel to withdraw pursuant to *Anders* and *Santiago* gives rise to certain requirements and obligations, for both appointed counsel and this Court.
>
> These requirements and the significant protection they provide to an *Anders* appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-20 (Pa. Super. 2015) (citations omitted). "The *Anders* brief aims to provide the appellate courts with a means for making two determinations – whether appointed counsel has fully supported his client's appeal to the best of his ability and whether the appeal is indeed so lacking in merit that counsel should be permitted to withdraw." *Santiago*, 978 A.2d at 355 (citation omitted). To obtain permission to withdraw, counsel must file an *Anders* brief that meets the requirements established by our Supreme Court in *Santiago*.

The procedural requirements for withdrawal require counsel to provide the appellant with a copy of the *Anders* brief along with a letter that advises

the appellant of his or her right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Instantly, counsel has failed to comply with the basic procedural mandates of **Anders** and **Santiago**. First, counsel has not filed a corresponding motion to withdraw as counsel accompanying his **Anders** brief; standing alone, this oversight is fatal to his petition for withdrawal. Second, there is no indication in counsel's **Anders** brief or in the record that he has provided Vanderpool a copy of his **Anders** brief or a letter informing Vanderpool of his appellate rights. Because counsel has not complied with any of the procedural dictates of **Anders** and **Santiago**, we need not consider whether his **Anders** brief meets the substantive requirements of **Santiago**.[3]

_____

[3] Under **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel reasonably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

*See Commonwealth v. Zeigler*, 112 A.3d 656, 659-660 (Pa. Super. 2015).

In light of the foregoing, we remand with instructions to counsel to file within 30 days a compliant motion to withdraw together with an *Anders* brief, or an advocate's brief on behalf of Vanderpool.  Our remand is without prejudice to Vanderpool to file responses in the event Attorney Wilson files a new *Anders* brief, and it shall be incumbent upon counsel to consider Vanderpool's issues prior to any subsequent fillings.

---

case law, and/or statuses on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Instantly, counsel's *Anders* brief does not state that counsel made a "conscientious examination of the record." *See Commonwealth v. Woods*, 939 A.2d 896, 899 (Pa. Super. 2007).  Rather, counsel simply states that "[he] has determined [Vanderpool's] appeal is frivolous[.]" *Anders* brief, at 11.  While it is not necessary that an *Anders* petitioner track the *Anders* language precisely, petitioner must, at a minimum, "substantially comply" with *Anders*. *Wrecks*, *supra*, at 1290.  Here, as *Santiago* requires, there is no indication in counsel's *Anders* brief that he reviewed the entire record before concluding that Vanderpool's issue is frivolous.

Moreover, the incomplete nature of counsel's *Anders* brief suggests that he has failed to comply with the dictates of *Anders* and *Santiago* and has skirted the formalities demanded by their technical requirements.  Notably, counsel baldy states that because Vanderpool's sentence is lawful, his claim must be frivolous. *Cf. Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002) (sentences within statutory limits could raise a substantial question as to whether sentences are excessive, and thus, statute governing sentencing appeals does not exclude excessive sentence claims based on sentences within statutory limits).  Additionally, in a section of his *Anders* brief entitled "request for relief," counsel states "[Vanderpool] therefore respectfully requests that the court reverse the lower court's . . ." *Anders* brief, at 12.  Assuming counsel intended to complete the foregoing conclusory sentence, we invite him on remand to specify what relief Vanderpool requests.

- 5 -

Petition to withdraw denied. Case Remanded with instructions. Jurisdiction Retained.